**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OSCAR RODRIGUEZ,<br><br>   Petitioner-Appellant,<br><br>  v.<br><br>DANIEL PARAMO, WARDEN<br><br>   Respondent-Appellee. | No. 10-55104<br><br>D.C. No. 06-cv-00878-VAP-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted August 28, 2013[**]
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District Judge.[***]

Appellant Oscar Rodriguez appeals the district court's denial of his 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1

§ 2254 habeas petition, which challenges his conviction for second degree murder on a theory of ineffective assistance of counsel. We review the district court's denial of Appellant's habeas petition de novo, *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004), and affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petition for habeas corpus relief from judgment of a state court cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In order to prevail on an ineffective assistance of counsel claim, a defendant must show (1) that his/her counsel's performance was deficient and (2) that such deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The standard for deficient performance is deferential. "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir.1998) (quoting *Strickland*, 466 U.S. at 689). If the petitioner fails to establish either prong of the *Strickland* test, relief cannot be granted. *Strickland*, 466 U.S. at 700.

Here, Appellant contends that his state appellate counsel performed deficiently during direct review of his conviction. A jury found Appellant guilty of second degree

murder. The conviction was based in part on the legal theory in *People v. Johnson*, 18 Cal. Rptr. 2d 650 (Cal. Ct. App. 1993), which held that violations of § 2800.2 of the California Vehicle Code are inherently dangerous felonies for the purposes of the felony-murder rule. Appellant contends that his counsel's failure to challenge the validity of *Johnson* on direct appeal constituted ineffective assistance counsel because in *People v. Howard*, 104 P.3d 107 (Cal. 2005), issued several years after the state appellate court affirmed Appellant's conviction, the California Supreme Court held that violations of a subsequent version of § 2800.2 are not inherently dangerous felonies for purposes of the felony-murder rule. *Howard,* 104 P.3d at 113-14.

The decision to not challenge *Johnson* did not constitute deficient representation. The holding in *Johnson*, in fact, is still law. The *Howard* court explicitly refrained from deciding whether "*Johnson* was correct, because in 1996, three years after *Johnson* was decided, the Legislature amended section 2800.2 to add subdivision (b)." *Howard*, 104 P.3d at 112 (citation omitted).  That amendment "very broadly" expanded the statute's application to "include *any* flight from an officer during which the motorist commits three traffic violations that are assigned a 'point count' under [the California Vehicle Code], or which results in 'damage to property.' " *Id.* The California Supreme Court held that violations of § 2800.2  could no longer predicate felony-murder "because subdivision (b) greatly

3

expanded the meaning of the quoted statutory phrase to include conduct that ordinarily would not be considered particularly dangerous." *Id*. at 113. Moreover, as each court reviewing Appellant's petition explained at length, the expanded version of § 2800.2 took effect after the acts for which Appellant was convicted and was not relied on to support his conviction. Therefore, any contention that Appellant's counsel performed deficiently for failing to challenge *Johnson* is an assertion that counsel performed deficiently for deciding not to challenge what remains the law today. We cannot hold that such a decision falls outside of "the wide range of reasonable professional assistance." *Babbitt*, 151 F.3d at 1173 (quoting *Strickland*, 466 U.S. at 689).

Accordingly, the district court properly found that Appellant's claim of ineffective assistance of counsel failed to satisfy the relevant standards under *Strickland*.

**AFFIRMED.**